UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

       Plaintiff,

       v.                                  Case No. 11-CR-193

TYRONE MCMILLIAN,

       Defendant.
_____

**AFFIDAVIT OF FBI SPECIAL AGENT LEAH NEMETZ IN SUPPORT OF UNITED STATES' MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE IMPOSING MONEY JUDGMENT AND FORFEITING MEN'S BREITLING WATCH AS A SUBSTITUTE ASSET**
_____

City of Milwaukee      )
                               )    ss
County of Milwaukee   )

    I, Leah T. Nemetz, Special Agent of the FBI, being first duly sworn, hereby depose and state as follows:

**Background**

    1.    I am a Special Agent with the Federal Bureau of Investigation Milwaukee Field Office, Milwaukee, Wisconsin, and have been so employed since January 11, 2004. Since joining the FBI, I have been assigned to work on white collar crime matters, both at the FBI Washington DC Field Office and at the Milwaukee Field Office.

    2.    During my law enforcement career, I have participated in numerous investigations, including investigations involving health care fraud, bank fraud, wire fraud, fraud against the federal government, telemarketing fraud, and narcotics violations.

3. I have completed the eighteen-week training program given by the FBI, which includes instruction in the investigation of various criminal offenses, including theft, theft-schemes, fraud, and related acts. I have served as an affiant on multiple search and seizure warrants relating to white collar crime matters. I am also a participant of the Human Trafficking Task Force for the Eastern District of Wisconsin, which investigates the illegal trafficking of persons both domestic and foreign for the purposes of labor and commercial sex acts. I have received training in the investigation of the crimes of Soliciting Prostitutes, Pandering, Keeping a Place of Prostitution, Prostitution, Human Trafficking, and Soliciting a Child for Prostitution. I am familiar with the street terms associated with prostitution and sex trafficking.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses, all of whom I believe to be truthful and reliable.

5. I submit this affidavit in support of the United States' Motion for Entry of Preliminary Order of Forfeiture Imposing a Money Judgment and Forfeiting a Men's Breitling Watch as a Substitute Asset.

**Calculation of Amount of Money Judgment of Forfeiture**

6. The Superseding Indictment charged Defendant Tyrone McMillian with:

- one count of sex trafficking by use of force, fraud, or coercion (Count One);

- three counts of sex trafficking of a child (Counts Two, Four, and Seven);

- one count of attempted sex trafficking of a child (Count Five); and

- three counts of coercion and enticement (Count Three, Six, and Eight).

2

R. 24.

7. In the forfeiture notice of the Superseding Indictment, the United States notified Defendant McMillian that, upon conviction of the offenses set forth in Counts One, Two, Four, Five, and Seven, the United States sought to forfeit, under 18 U.S.C. § 1594, among other things, "any property . . . constituting or derived from any proceeds obtained directly or indirectly as a result of" those offenses.

8. On June 5, 2013, the jury found Defendant McMillian guilty of Counts One, Two, Three, Four, Five, Six, and Eight of the Superseding Indictment.

9. I understand that the United States seeks entry of a money judgment of forfeiture equal to the total gross proceeds that Defendant McMillian earned through the following offenses of which he was convicted:

- sex trafficking by use of force, fraud, or coercion, as charged in Count One; and
- sex trafficking of a child, as charged in Counts Two and Four.

**Proceeds of sex trafficking by use of force fraud, or coercion, as charged in Count One**

10. I conservatively calculate that Defendant McMillian earned gross proceeds of $5,650 through his offense of sex trafficking by use of force fraud, or coercion, as charged in Count One. The victim of this offense was "Jessica." During interviews with the Milwaukee Police Department and with me, which occurred on September 7, 2011, and July 19, 2013, respectively, Jessica advised that she had performed prostitution acts for McMillian from November 2006 through July 2009. Jessica advised that she had performed approximately 3-4 full service prostitution acts out of clubs for which she had charged the customer, and received, approximately $300 per act. I conservatively estimate the proceeds of these acts to amount to

3

$900. Jessica further advised that she had performed approximately 5 full-service prostitution "dates" for which she had charged the customer, and had received, approximately $500 per act. I conservatively estimate the proceeds of these acts to amount to $2,500. Finally, Jessica advised that she had performed at least 15-20 half-service prostitution acts for which she had charged, and received, approximately $150 per act. I conservatively estimate the proceeds of these acts to amount to $2,250. Jessica stated that she had given all the proceeds of the above-referenced acts to McMillian.

11. Jessica's statements estimating the number of acts of prostitution that she performed under McMillian's direction were corroborated by the fact that McMillian advertised Jessica's services on Craigslist 47 times between October 10, 2006, and May 30, 2007.

12. I therefore conservatively estimate the total gross proceeds of these sex trafficking acts that McMillian caused Jessica to perform as a result of the force, fraud, and coercion offense of which McMillian was convicted in Count One to amount to **$5,650** ($900 + $2,500 + $2,250 = $ 5,650).

**Proceeds of sex trafficking of a child offense, as charged in Count Two**

13. I conservatively calculate that Defendant McMillian earned gross proceeds of $8,000 through his offense of sex trafficking of a child, as charged in Count Two. The victim of this offense was "Jade." During an interview with the Milwaukee Police Department, on March 8, 2009, Jade advised that, between November 2006 and January 2007, she had performed approximately 80 full-service prostitution "dates" for which she had charged the customer, and had received, approximately between $100 and $200 per act. Jade stated that she had given all the proceeds of the above-referenced acts to McMillian.

14. I therefore conservatively estimate the gross proceeds of these 80 estimated sex trafficking acts that McMillian caused Jade to perform as a result of the sex trafficking of a child offense of which McMillian convicted in Count Two to amount to **$8,000**.

**Proceeds of sex trafficking of a child offense, as charged in Count Four**

15. I conservatively calculate that Defendant McMillian earned gross proceeds of $600 through his offense of sex trafficking of a child, as charged in Count Four. The victim of this offense was "Jazmine." At trial, Jazmine testified that she had conducted two prostitution dates for McMillian, for which she had charged the customer, and had received, approximately $300 per act, for a total of **$600**. Jazmine stated that she had given all the proceeds of these two sex acts to McMillian.

### Men's Breitling Watch Sought to be Forfeited as Substitute Asset

16. I have been advised that FBI is holding one Custom Diamond Breitling 1884 Chronometer Super Avenger Men's Watch, Model:A1337011/A660, which was seized from McMillian on July 6, 2011.

17. The investigation has revealed that McMillian had purchased the watch on September 20, 2010, for $15,900 in cash.

18. I understand that, following the July 6, 2011 seizure of the watch, FBI had the watch appraised that that the watch has an appraised value of $8,601.53.

### Conclusion

19. For these reasons, I conservatively estimate that the total gross proceeds that Defendant McMillian earned through the offenses of which he was convicted in Count One (sex trafficking by use of force, fraud, or coercion) and Counts Two and Four (sex trafficking of a child) amount to **$14,250** ($5,560 + $8,000 + $600 = $14,250).

20. FBI-Milwaukee has in its possession one Custom Diamond Breitling 1884 Chronometer Super Avenger Men's Watch, Model:A1337011/A660, which was seized from McMillian on or about July 6, 2011, and which has an appraised value of $8,601.53.

                                                                             s/LEAH T. NEMETZ
                                                                             Special Agent
                                                                             Federal Bureau of Investigation

Subscribed and sworn to before me
this 28th day of October, 2013.

s/SCOTT J. CAMPBELL
Notary Public, State of Wisconsin
My commission: is permanent.