# United States District Court
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             Case No. 11-CR-193

TYRONE MCMILLIAN
a/k/a HK,

        Defendant.

## COURT MINUTES
### HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

| | |
|---|---|
| Date: | October 29, 2013 |
| Proceeding: | Sentencing |
| Start Time: | 8:45:00 a.m.      End Time: 9:52:34 a.m. |
| | 10:12:50 a.m.                    10:37:55 a.m. |
| | 10:51:07 a.m.                    12:10:21 p.m. |
| Court Reporter: | FTR Gold             Deputy Clerk: Kris Wilson |
| Appearances: | Plaintiff: AUSAs Joseph R. Wall and Melvin K. Washington |
| | Defendant: Tyrone McMillian with Attorney Gerald P. Boyle |
| | USPO: James P. Fetherston |
| Disposition: | The court concludes that the defendant testified falsely at trial and that obstruction of justice points are appropriately assessed. The court adopts the facts in the PSR as its findings of fact and the advisory guideline range as proposed. The hearing is continued to November 6, 2013, at 11:00 a.m. |
| Notes: | The defendant was in transit yesterday so he did not have enough time to meet with counsel. Attorney Boyle advises he was unable to answer some of the defendant's questions until he received some records yesterday which relate to defendant's 2001 conviction in Minnesota. He spoke with the defendant on the phone last night. The |

court takes a brief recess to give the defendant additional time to confer with Attorney Boyle.

The defendant and counsel conferred in the witness room. Attorney Boyle reports that he thought he had answered all of the defendant's questions last night. The defendant is concerned that his conviction in Hennepin County at age 17 is being counted as an adult conviction as opposed to a juvenile conviction, thereby qualifying him as a career criminal. The defendant is prepared to proceed today.

The court turns briefly to another matter.  The record should be corrected to reflect that immediately following the verdict, the court granted (not denied) defendant's motion for acquittal on count 7. The parties are in agreement with the court.

The government does not have any objections to the facts in the PSR and believes the guideline application is accurate.

The defense objects to counting defendant's 2001 Minnesota conviction as an adult conviction. The court notes that the defense did not file any written objections to the PSR.  The court hears the arguments of counsel.  The defense takes issue with the guidelines as to how the defendant is characterized.  The defendant is not a career criminal. The defense also takes issue with penalizing a person who exercises his constitutional right to proceed to trial. The defendant received a 2 point enhancement for providing false testimony at trial. He testified that the witnesses were testifying falsely. A person who exercises his right to trial should not be penalized. The defendant does not admit that he testified untruthfully.

Attorney Wall refers the court to ¶ 70 which lists specific acts of obstruction.

The court concludes that the defendant testified falsely at trial and that obstruction of justice points are appropriately assessed.

The court adopts the facts in the PSR as its findings of fact and the advisory guideline range as proposed.  The defendant is at offense level 44 and is in criminal history category VI. He is subject to life imprisonment.

The government, after taking all sentencing factors into account, recommends a sentence of life imprisonment. The government does not find any mitigating factors.  The defendant's comments to the PSR writer were incredibly self-serving. The defendant stands by his trial testimony and denies he was involved in sex trafficking.  The defendant lured the victims into a depraved lifestyle.  The government

recounts the testimony of the victims. His conduct continues into July 2011. The court needs to send a strong general message of deterrence. The defendant is arrogant and defiant. The government asks the court to enter the forfeiture order submitted yesterday to declare the watch as a substitute asset.

The court hears from Ashanta Cox and Ann Burkett (defendant's mother) on behalf of the defendant.

Attorney Boyle maintains that the defendant's conduct does not deserve a life sentence.

The court hears from the defendant. There are discrepancies in the records relating to his Minnesota conviction. He was never released on cash bail. He was extradited by Minnesota. He does not recall being told that he was waived into adult court. The criminal career category overstates the seriousness of the offense. There are mitigating factors for the court to consider. He created the persona "HK" as a means to get into the music business. He is a father and takes care of his children. He takes responsibility for this offense. He knows he put himself in this position and understands that the government is doing its job. He does not believe he is a career criminal. He is remorseful. The court gives the defendant and counsel time to review the DVD on YouTube. The defendant declines.

The court wants to give this matter further consideration. Sentencing is continued to November 6, 2013, at 11:00 a.m.