# United States District Court
### EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 11-CR-193

TYRONE MCMILLIAN
a/k/a HK,

        Defendant.

## COURT MINUTES
## HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

| | |
|---|---|
| Date: | November 6, 2013 |
| Proceeding: | Sentencing (Continued from 10/29) |
| Start Time: | 11:06:35 a.m.    End Time: 11:23:44 a.m. |
| | 11:30:04 a.m.               12:07:01 p.m. |
| | 12:19:54 p.m.              12:28:28 p.m. |
| Court Reporter: | FTR Gold           Deputy Clerk: Kris Wilson |
| Appearances: | Plaintiff:     AUSAs Joseph R. Wall and Melvin K. Washington |
| | Defendant: Tyrone McMillian with Attorney Gerald P. Boyle |
| | USPO:       James P. Fetherston |
| Disposition: | The court sentences the defendant to a below guideline sentence of 360 months each as to counts 1, 2, 3, and 5 of the Superseding Indictment and 240 months each as to counts 4, 6, and 8 of the Superseding Indictment, with all counts to run concurrently for a **total term of 360 months imprisonment**. |
| | After release from imprisonment, the defendant shall be placed on a concurrent term of 5 years supervised release. Standard and additional conditions of supervision are imposed. See Judgment for details. |
| | The court grants the government's Motion for Entry of Preliminary Order of Forfeiture Imposing Money Judgment and Forfeiting Men's |

Breitling Watch as a Substitute Asset. [101]

The court receives exhibits 105-107 into evidence. See separate filing.

The court advises the defendant of his right to appeal and finds he is eligible to proceed in forma pauperis on appeal. The defendant requests that the clerk file a notice of appeal on his behalf.

Notes: At the initial sentencing proceeding, the court adopted the facts in the PSR and the proposed advisory guideline range.

The court has viewed the CD of videos (Ex. B to #99) submitted by the government as part of its sentencing memorandum. The defendant declines to have the video played. The court hears from the defendant who states nothing in the video was illegal. The defendant believes it is unfair that the videos are being used against him. He made those videos to gain notoriety in the music industry.

The defendant further discusses perceived inconsistencies in trial testimony. The court indicates it has reviewed the defendant's correspondence. The defendant takes issue with the charging process. He questions how a Grand Jury decided not to indict him in 2008 but then indicts him in 2011 for conduct between 2006-2008. The defendant acknowledges that the issue was not part of the trial testimony. The court deems the defendant's comments as a collateral attack on the Indictment or at the very least the prior Indictment. The court indicates that those matters do not relate to the trial and asks if there are legal issues that have not been considered or acted upon by the court. The court takes a break to give the defendant time to confer with counsel. The court wants to make sure that all of the defendant's legal arguments have been presented and considered by the court.

Court reconvenes. The defendant states he had sufficient time to confer with counsel. He does not have any further issues to address with the court.

The court proceeds to sentencing. The defendant has preyed upon young females, he has been selfish, and exposed the victims to considerable dangers. He used the Internet for the purpose of advertising erotic services and outfitted the victims to take advantage of them to the fullest extent. He teamed up with another pimp, Todd Carter, in his endeavors. He degraded and intimidated the victims. The defendant obstructed justice when he testified falsely at trial particularly as to the ages of the juvenile females. He knew several of the females were underage. The defendant took pictures of the victims and helped arrange prostitution dates. The

court also finds that the defendant's prior crimes support his status as a career criminal. Incremental punishment is warranted as prior terms of incarceration were insufficient to deter him. It is clear that the defendant needs counseling.

The government asks the court to grant its motion for entry of preliminary order of forfeiture filed on October 28, 2013, so that the defendant's watch can be forfeited as a substitute asset for $14,250 in prostitution proceeds. $14,250 is a conservative estimate of the prostitution proceeds.

Break

Court reconvenes.

The government submits exhibits 105-107.  See separate filing.
Exhibit 105: Sales receipt for watch.
Exhibit 106: Form 8300 (Parties agree DOB and driver's license # can be redacted)
Exhibit 107: Photo of watch in an evidence bag

The defendant does not object to receipt of the exhibits. The defendant states the watch was a birthday/Christmas gift from Ashley Kneuppel and that he is the owner of the watch.

The defendant has shown that he owned the watch. The court grant's the government's motion and an order will be entered forthwith.

Exhibits 105-107 are received.